## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WENDY CARLTON DUBROC**                          **CIVIL ACTION**

**VERSUS**                                        **NO:  14–1812**

**DAVID GUIDRY**                                  **SECTION: "H" (1)**

<u>ORDER AND REASONS</u>

Before the Court are Defendant's Motion to Set Aside Default (Doc. 11) and Motion for Summary Judgment (Doc. 12).  For the following reasons, the Motions are GRANTED.

## BACKGROUND

This is a Title VII retaliation action filed by Plaintiff Wendy Carlton Dubroc against Defendant David Guidry. Plaintiff worked for Guico Machine Works, Inc. as a controller/office manager from September 27, 2010, until December 17, 2010.  During the course of her employment, Plaintiff alleges that Guidry harassed her by making unwanted sexual comments, despite the fact

1

that the comments made her uncomfortable. This harassment allegedly commenced in October 2010 and persisted until Plaintiff quit on December 17, 2010.

On August 25, 2011 Plaintiff filed a charge of discrimination against Guico Machine Works with the Equal Employment Opportunity Commission ("EEOC") and the Fair Employment Practices Agencies ("FEPA") alleging discrimination based on sex. In this suit, Plaintiff alleges that, as a result of filing her discrimination charge, her home was vandalized, her computers "attacked," and she was threatened. On May 12, 2014, Plaintiff filed a second charge of discrimination against Guico Machine Works with the EEOC alleging retaliation. On May 12, 2014, the EEOC provided Plaintiff with a Notice of Right to Sue on the retaliation charge.

Plaintiff filed the instant law suit *pro se* on August 11, 2014 seeking injunctive relief from Defendant's harassment and $1,000,000 in damages.[1] Defendant was served on September 30, 2014 (Doc. 5), and his answer was due on October 21, 2014. After Defendant failed to appear, the Clerk entered default against him. Defendant filed the instant Motions six days later. Plaintiff failed to oppose either Motion. In light of Plaintiff's *pro se* status, this Court *sua sponte* granted Plaintiff additional time to respond and ordered her to oppose the Motions no later than February 10, 2015. Plaintiff again failed to respond, and this Court will now decide the Motions.

---

[1] The Court has liberally construed the allegations in Plaintiff's Complaint, as required by Fifth Circuit precedent. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002).

## LAW AND ANALYSIS

### I. Motion to Set Aside Default

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."[2]  To determine whether "good cause" has been shown, "a district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.[3]  The Fifth Circuit has also stated that Rule 60(b) factors are "typically relevant" when considering a Rule 55(c) motion to set aside a default.[4] Therefore, a court may also consider "whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default."[5]

The balance of factors weighs heavily in favor of setting aside default. First, the Court cannot conclude on the record before it that Defendant's default was willful or in bad faith.  Second, because the Court ultimately dismisses Plaintiff's complaint, she will undoubtedly suffer prejudice if the default is set aside.  Third, Defendant has a meritorious defense as the Court explains below. Fourth, no public interest is implicated.  Fifth, there could be significant financial loss to Defendant as Plaintiff seeks $1 million in damages.  Finally,

---

[2] Fed. R. Civ. P. 55(c). *See also Lacy v. Sitel Corp.*, 227 F.3d 290, 291–92 (5th Cir. 2000).

[3] *In re Chinese-Manufactured Drywall Products Liab. Litig.*, 753 F.3d 521, 544–45 (5th Cir. 2014) (citing *One Parcel of Real Prop.*, 763 F.3d 181, 183 (5th Cir. 1985).

[4] *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (5th Cir. 1988)).

[5] *Id.* (quoting *In re OCA*, 551 F.3d 359, 369 (5th Cir. 2008)).

Defendant acted expeditiously in moving to correct the default within a matter of days.

In sum, the Court finds that Defendant's default was not willful, that Defendant acted quickly to remedy the default, and that Defendant can present a meritorious defense. Given the foregoing, Defendant has established the good cause necessary under Rule 55(c). Although Plaintiff will be prejudiced by the setting aside the default, the other factors significantly outweigh any prejudice to Plaintiff. Therefore, in light of the fact that default judgments are disfavored,[6] and considering the facts of this case, the Court will set aside the default.

## II. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[9] "If the moving party meets the initial burden

---

[6] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

[7] Fed. R. Civ. P. 56(c) (2012).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

4

of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[10]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[11]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[12]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[13]  Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[14]

Despite the fact that Plaintiff has not opposed this Motion, the Court may not grant the Motion as unopposed.  Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[15]  Indeed, on

---

[10] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[11] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[12] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[13] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[14] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[15] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion.  Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. Bd.*

a motion for summary judgment, the moving party still "has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless [of] whether any response is filed."[16]  In this District, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted.[17]   Nonetheless, the moving party must still make a *prima facie* showing of its entitlement to judgment.[18]  Based on Defendant's statement of uncontested material facts and this Court's independent review of the record, there are no genuine disputes of material fact and Defendant is entitled to judgment for the reasons stated below.

Plaintiff's Complaint asserts a retaliation claim under Title VII of the Civil Rights Act of 1964.  Title VII prohibits an employer from discriminating against their employees on the basis of an individual's "race, color, religion, sex, or national origin."[19]  The law is well-settled that Title VII provides for liability only as to an employer,[20] not an individual supervisor or fellow employee[21] regardless

---

*of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985).

[16] *Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539,550 (5th Cir. 2012) (citing *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277,1279 (5th Cir. 1985)).

[17] *See* L .R. 56.2.

[18] *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1999).

[19] 42 U.S.C. § 2000e–2 (West 2014).

[20] Title VII defines an "employer" as: "[A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e (West 2014).

[21] *See Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007);*Grant v. Lone Star Co.*, 21 F.3d 337, 343 (5th Cir. 1994).

of whether the person is sued in their individual or official capacity.[22]  Although Title VII defines the term "employer" to include "any agent" of an employer, "Congress' purpose was merely to incorporate respondeat superior liability into Title VII."[23]

Plaintiff does not allege any facts in her complaint that support the conclusion that Defendant was her employer.  To the contrary, in both her EEOC charges, Plaintiff named Guico Machine Works, not Defendant, as her employer.  Defendant insists he is merely the President/CEO of Guico Machine Works and he never personally employed Plaintiff.  Plaintiff has offered no evidence to the contrary despite multiple opportunities.  Because Plaintiff cannot demonstrate that Defendant is her employer, her action must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motions are GRANTED, the entry of default against Defendant is SET ASIDE, and this matter is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 10th day of April, 2015.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

[22] *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002).

[23] *Id.* (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)).